## PROMISSORY NOTE

New York City, New York
Dated as of: January 1, 2007
Maturity Date: January 1, 2010

FOR VALUE RECEIVED, BRANDYWINE HEALTH SERVICES OF MISSISSIPPI, INC., a Mississippi corporation dba CHOCTAW COUNTY MEDICAL CENTER (the "Borrower"), promises to pay to NORTHERN HEALTHCARE CAPITAL, LLC, a New York limited liability company (the "Lender"), its endorsees, successors and assigns (collectively, the "Holder"), at the office of the Lender, at 333 Seventh Avenue, Third Floor, New York City, New York 10001, or such other place as the Holder may from time to time designate, the principal sum of ONE MILLION AND 00/100 Dollars ($1,000,000.00) or such additional amount or portion thereof as may be outstanding pursuant to the terms of the Credit and Security Agreement between Borrower and Lender of even date herewith, as the same may amended from time to time (the "Credit Agreement"), together with interest thereon at the rate of interest hereinafter set forth, in coin or currency, which, at the time or times of payment, is legal tender for the payment of public and private debts in the United States of America. This Note shall be payable in the following manner and on all following terms and at the following times and is subject to the provisions of the Credit Agreement:

1. **DEFINITIONS**. Capitalized terms used herein shall have the meanings set forth in the Credit Agreement.

2. **LOAN PROCEEDS**. The proceeds of the Loan shall be disbursed from time to time as set forth in the Credit Agreement. Borrower hereby warrants and covenants that the proceeds of this Note shall be used exclusively for commercial purposes and not for any personal purposes whatsoever.

3. **INTEREST**. On and after the date the proceeds hereof are disbursed and until the Maturity Date, the outstanding principal balance of this Note shall bear interest at the rate set forth in the Credit Agreement.

4. **TERMS OF PAYMENT**. Interest shall be paid monthly as set forth in the Credit Agreement. All then-outstanding principal of and interest on this Note shall be due and payable in full on January 1, 2010. Subject to the terms of the Credit Agreement, Borrower may prepay the principal of this Note in whole or in part at any time. Each prepayment of this Note may be made without premium or penalty, except as set forth in the Credit Agreement. Any amounts pre-paid shall be eligible to be re-advanced subject to the terms of the Credit Agreement. Notwithstanding the foregoing, the outstanding principal balance shall be payable on such earlier date as payment hereunder shall have been accelerated by virtue of the occurrence of an Event of Default.

5. **EVENTS OF DEFAULT.** The Events of Default under this Note are set forth in the Credit Agreement.

6. **EFFECTS OF DEFAULT.** If any Event of Default shall occur and be continuing, then, and in each such case, notwithstanding any provision or inference to the contrary, Lender shall have the rights set forth in the Credit Agreement.

7. **APPLICATION OF PAYMENTS.** So long as an Event of Default does not exist, all payments on the Loan shall be applied first to any costs of collection, then to late charges, then to interest and then to principal, except that if any advance made by Lender under the terms of any instruments securing this Note is not repaid, any monies received, at the option of the Lender, may first be applied to repay such advances, plus interest hereon, and the balance, if any, shall be applied as above. If an Event of Default exists, the Lender may apply any payments received on this Note to principal, interest, late charges or other amounts due from the Borrower in such order as Lender, in its sole discretion shall determine.

8. **SECURITY.** The payment and performance of this Note is secured by the collateral identified in the Credit Agreement and by a Guaranty Agreement.

9. **TIME OF ESSENCE; NO WAIVER; REMEDIES CUMULATIVE; SEVERABILITY.** Time is of the essence. No delay or omission in the exercise of any right hereunder or under the Credit Agreement shall operate as a waiver of such right or of any other remedy under this Note or the Credit Agreement. A waiver on any one occasion shall not be construed as a bar to or waiver of any such right or remedy on a future occasion. All rights and remedies of Holder under the terms of this Note, under the terms of the Credit Agreement, and under any statutes or rules of law shall be cumulative and may be exercised successively or concurrently. Any provision of this Note which may be unenforceable or invalid under any law shall be ineffective to the extent of such unenforceability or invalidity without affecting the enforceability or validity of any other provision hereof.

10. **COSTS OF COLLECTION.** In the event of any Event of Default hereunder the Borrower agrees to pay the costs of collection, including court costs and reasonable attorneys' fees (prior to trial, at trial, and on appeal) incurred in collecting the debt secured hereby, or in exercising or defending, or obtaining the right to exercise, the rights of Holder hereunder or under the Credit Agreement, and in bankruptcy, insolvency, arrangement, reorganization and other debtor relief proceedings, in other court proceedings brought in accordance with this Note, or the Credit Agreement, and all costs and expenses incurred by Holder or the Lender in protecting or preserving the property and interests which are subject to this Note and the Credit Agreement.

11. **WAIVER OF PRESENTMENT, ETC.** Demand for payment, presentment for payment, protest, notice of protest, notice of non-payment, notice of dishonor, notice to accelerate maturity, notice of acceleration of maturity, notice of intent to foreclose on any collateral securing this Note, all other notices, diligence in collection as to each and every payment due hereunder, and all other requirements necessary to charge or hold the Borrowers to any obligation hereunder are waived. Consent is given to any extension or alteration of the time

or terms of payment hereof, any renewal, any release of all or any part of the security given for the payment hereof, any acceptance of additional security of any kind, and any release of, or resort to, any party liable for payment hereof.

12. **GOVERNING LAW**. This Note shall be governed by and construed in accordance with the internal substantive law, and not the choice of law rules, of the State of New York; provided, however, if any provision(s) of this Note would violate or have the effect of violating the laws of the State of New York but not the laws of Mississippi then, with respect to such provision(s), the laws of Mississippi shall apply. The Borrower hereby consents to, and agrees to submit to the jurisdiction of the Supreme Court of the State of New York and the United States District Court for the Southern District of New York, and agree, at the Lender's election, that any legal action or proceeding arising out of or with respect to this Note shall be brought by the Borrower and the Lender in the Supreme Court of the State of New York or in the United States District Court for the Southern District of New York, in each case, that are located in New York County, as the Lender shall elect. Borrower hereby irrevocably consents to the service of any and all process in any such action or proceeding brought in the Supreme Court of the State of New York or the United States District Court for the Southern District of New York by the delivery of copies of such process to Borrower at the address specified below. The Borrower hereby irrevocably and unconditionally waives any objection, including, without limitation, any objection to the laying of venue or based on the grounds of forum non conveniens, which they may now or hereafter have to the bringing or maintaining of any such action or proceeding in the Supreme Court of the State of New York or in the United States District Court for the Southern District of New York, in each case, that are located in New York County, as the Lender shall elect. Nothing herein shall affect the right of the Lender to serve process in any other manner permitted by law or otherwise proceed against the Borrower in any other jurisdiction.

13. **SAVINGS CLAUSE**. Notwithstanding anything to the contrary set forth in this instrument, if at any time until payment in full of all of the indebtedness due hereunder, the interest rate on such indebtedness exceeds the highest rate of interest permissible under any law that a court of competent jurisdiction shall, in a final determination, deem applicable hereto (the "Maximum Lawful Rate"), then in such event and so long as the Maximum Lawful Rate would be so exceeded, the interest rate shall be equal to the Maximum Lawful Rate; provided, however, that if at any time thereafter the interest rate is less than the Maximum Lawful Rate the Borrower shall continue to pay interest hereunder at the Maximum Lawful Rate until such time as the total interest received by the Holder from the making of advances hereunder is equal to the total interest the Holder would have received had the interest rate been (but for the operation of this paragraph) the interest rate payable since the initial funding of the Loan. Thereafter, the interest rate payable hereunder shall be the interest rate provided for in this instrument unless and until the interest rate so provided for again exceeds the Maximum Lawful Rate, in which event this paragraph shall again apply. In no event shall the total interest received by the Holder pursuant to the term hereof exceed the amount such Holder could lawfully have received had the interest due hereunder been calculated for the full terms hereof at the Maximum Lawful Rate. If a court of competent jurisdiction, notwithstanding the provisions of this paragraph, makes a final determination that the Holder has received interest in excess of the Maximum Lawful Rate, the Holder shall, to the extent permitted by applicable law, promptly apply such excess first to any

interest due and not yet paid under this Note, then to the outstanding principal balance due under this Note, then to other unpaid indebtedness and thereafter shall refund any excess to the Borrower or as a court of competent jurisdiction may otherwise order.

14. **INTEGRATION**. This Note, together with the Credit Agreement, comprises the entire agreement of the parties on the subject matter hereof and supersedes and replaces all prior agreements, oral and written, on such subject matter.

15. **NOTICES**. All notices, requests, demands, and other communications to Borrower hereunder shall be provided as set forth in Section 12.5 of the Credit Agreement.

16. **PAYMENT AUTHORIZATION**. The Borrower hereby authorizes Lender, in Lender's sole and exclusive discretion, to deduct any amount due to Lender hereunder from amounts that Lender may owe to Borrower under any other agreement or arrangement between Borrower and Lender and to apply such amount in satisfaction of all or any part of any obligation owed to Lender by Borrower hereunder.

17. **WAIVER OF RIGHT TO TRIAL BY JURY**. THE BORROWER HEREBY EXPRESSLY WAIVES ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION ARISING UNDER THIS NOTE OR THE TRANSACTIONS RELATED HERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE; AND THE BORROWER HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT THE LENDER MAY FILE AN ORIGINAL COUNTERPART OR A COPY OF THIS SECTION WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF THE BORROWER TO THE WAIVER OF ITS RIGHT TO TRIAL BY JURY.

Executed as of the date first above written.

**BORROWER:**

BRANDYWINE HEALTH SERVICES OF MISSISSIPPI, INC.,
dba CHOCTAW COUNTY MEDICAL CENTER,

By: *[signature]*
Name: Jeffrey A. Morse
Title: President

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Phone (800) 331-3282    Fax (818) 662-4141

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

UCC Direct Services
P.O. Box 29071
Glendale, CA 91209-9071

MS, Secretary of State

FILING NUMBER: 20060245926H
FILING DATE: 13-NOV-2006
IMAGE REFLECTS DATA FROM AN ELECTRONIC FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

- 1a. ORGANIZATION'S NAME: Brandywine Health Services of Mississippi, Inc.
- 1c. MAILING ADDRESS: 148 West Cherry Street
- CITY: Ackerman
- STATE: MS
- POSTAL CODE: 39735
- COUNTRY: US
- 1e. TYPE OF ORGANIZATION: Corporation
- 1f. JURISDICTION OF ORGANIZATION: MS
- 1g. ORGANIZATIONAL ID #: 717205

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - (blank)

**3. SECURED PARTY'S NAME**
- 3a. ORGANIZATION'S NAME: Northern Healthcare Capital, LLC
- 3c. MAILING ADDRESS: 333 Seventh Ave, 3rd fl
- CITY: New York
- STATE: NY
- POSTAL CODE: 10001
- COUNTRY: US

**4. This FINANCING STATEMENT covers the following collateral:**

All of the Borrower's present and future accounts, including all Healthcare Receivables all Related Property of the Healthcare Receivables and all instruments, Contracts and Chattel Paper relating to or arising out of any of the foregoing; all deposit accounts; all books and records, whether now owned or hereafter acquired; all other personal property and fixtures of Borrower, including all inventory, equipment, general intangibles (including, without limitation, payment intangibles and software), chattel paper, supporting obligations, investment property, instruments, securities, contract rights, stock in direct and indirect subsidiaries, machinery, deposit accounts, letter-of-credit rights, intellectual property, copyrights, trademarks, patents, and trade styles; and any and all additions to any of the foregoing, and any and all replacements and proceeds (including insurance proceeds) of any of the foregoing.

**8. OPTIONAL FILER REFERENCE DATA:** Brandywine

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

EXHIBIT 3

NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT
ORGANIZATION'S NAME
Brandywine Health Services of Mississippi, Inc.
INDIVIDUAL'S LAST NAME            FIRST NAME                MIDDLE NAME,SUFFIX

Use this space for additional information:
Additional Collateral Text:

EXHIBIT A To UCC-1 Financing Statement
Borrower: Brandywine Health Services of Mississippi, Inc.
Secured Party: Northern Healthcare Capital, LLC

This Exhibit A is attached to and incorporated in a financing statement pertaining to a security interest granted by Borrower pursuant to a revolving credit and security agreement dated as of December 1, 2006, as may be amended from time to time. (the Loan Agreement) by and between the Borrower and the Secured Party. Capitalized terms not defined herein shall have the meanings given to them in the Loan Agreement. The financing statement to which this Exhibit A is attached and forms a part covers, among other things, all of Borrower's Healthcare Receivables, which include the following: all (i) accounts, healthcare receivables and payment intangibles, each as defined in the Uniform Commercial Code, and (ii) and all other accounts receivable or other rights of payment or reimbursement, whenever due, that arose out of, or will arise out of, the rendering whether before or after the date of the Loan Agreement of healthcare services of any kind whatsoever, including, without limitation, the services of licensed physicians, nurses or other licensed or unlicensed healthcare personnel, the provision of room, board and daily living assistance at licensed healthcare facilities, home care services, transportation to or from healthcare facilities, or the sale, assignment, lease, or license whether before or after the date of the Loan Agreement of healthcare related equipment, prosthetics, pharmaceuticals or other goods, and including, without limitation, all of Borrower's rights of payment or reimbursement with respect to such healthcare services or goods from any insurer, federal or state government agency or third party; whether billed on a fee for service, monthly per patient capitation charge or any other basis, whether or not the accounts, healthcare insurance receivables, payment intangibles, or rights of payment or reimbursement have been invoiced or billed, written off, partially paid, currently assigned to collection agencies or other third party service vendors. The financing statement to which this Exhibit A is attached and forms a part also covers, among other things, all of Borrower's Related Property, which includes the following: with respect to each Healthcare Receivable (for this purpose, an Account), (i) all records of any nature evidencing or relating to the Account, including contracts, invoices, charges slips, credit memoranda, notes and other instruments and other documents, books, records and other information (including, without limitation, computer data) (ii) all security interests or liens and property subject thereto from time to time purporting to secure payment of such Account, whether pursuant to the contract related to such Account or otherwise, including all rights of stoppage in transit, replevin, reclamation, supporting obligations and letter of credit rights (as such terms are defined in the Uniform Commercial Code), and all claims of lien filed or held by Borrower on personal property; (iii) all rights to any goods whose sale gave rise to such Account, including returned or repossessed goods; (iv) all instruments, documents, chattel paper and general intangibles (each as defined in the Uniform Commercial Code) arising from, related to or evidencing such account; (v) all UCC financing statements covering an collateral securing payment of such Account; (vi) all guaranties and other agreements or arrangements of whatever character from time to time supporting or securing payment of such Account whether pursuant to the contract related to such Account or otherwise; and (vii) all proceeds and amounts received or receivable arising from any of the foregoing.

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Phone (800) 331-3282    Fax (818) 662-4141

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

UCC Direct Services
P.O. Box 29071
Glendale, CA 91209-9071

MS, Secretary of State

IMAGE REFLECTS DATA FROM AN ELECTRONIC FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE #**
20060245926II    11/13/2006

**1b.** This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

**2.** ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

**3.** ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address...  ☐ DELETE name...  ☐ ADD name...

**6. CURRENT RECORD INFORMATION:**
**6a. ORGANIZATION'S NAME** Brandywine Health Services of Mississippi, Inc.

| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

**7. CHANGED (NEW) OR ADDED INFORMATION:**
7a. ORGANIZATION'S NAME

| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Borrower's present and future accounts, including all Healthcare Receivables
all Related Property of the Healthcare Receivables and all instruments, Contracts and
Chattel Paper relating to or arising out of any of the foregoing; all deposit accounts;
all books and records, whether now owned or hereafter acquired; all other personal
property and fixtures of Borrower, including all inventory, equipment, general intangibles
(including, without limitation, payment intangibles and software), chattel paper,
supporting obligations, investment property, instruments, securities, contract rights,
stock in direct and indirect subsidiaries, machinery, deposit accounts, letter-of-credit
rights, intellectual property, copyrights, trademarks, patents, and trade styles; and any

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

**9a. ORGANIZATION'S NAME** Northern Healthcare Capital, LLC

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

**10. OPTIONAL FILER REFERENCE DATA** Brandywine
Debtor name: Brandywine Health Services of Mississippi, Inc.

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

## UCC FINANCING STATEMENT AMENDMENT ADDENDUM

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

11. INITIAL FINANCING STATEMENT FILE # (same as item 1a on Amendment form)
20060245926H

12. NAME OF PARTY AUTHORIZING THIS AMENDMENT (same as item 9 on Amendment form)

12a. ORGANIZATION'S NAME
Northern Healthcare Capital, LLC

OR 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME, SUFFIX

13. Use this space for additional information

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

Additional Collateral Text:
and all additions to any of the foregoing, and any and all replacements and proceeds (including insurance proceeds) of any of the foregoing.

EXHIBIT A To UCC-1 Financing Statement
Borrower: Brandywine Health Services of Mississippi, Inc.
Secured Party: Northern Healthcare Capital, LLC

This Exhibit A is attached to and incorporated in a financing statement pertaining to a security interest granted by Borrower pursuant to a Credit and Security Agreement dated as of January 1, 2007, as may be amended from time to time. (the Loan Agreement) by and between the Borrower and the Secured Party. Capitalized terms not defined herein shall have the meanings given to them in the Loan Agreement. The financing statement to which this Exhibit A is attached and forms a part covers, among other things, all of Borrower's Healthcare Receivables, which include the following: all (i) accounts, healthcare receivables and payment intangibles, each as defined in the Uniform Commercial Code, and (ii) and all other accounts receivable or other rights of payment or reimbursement, whenever due, that arose out of, or will arise out of, the rendering whether before or after the date of the Loan Agreement of healthcare services of any kind whatsoever, including, without limitation, the services of licensed physicians, nurses or other licensed or unlicensed healthcare personnel, the provision of room, board and daily living assistance at licensed healthcare facilities, home care services, transportation to or from healthcare facilities, or the sale, assignment, lease, or license whether before or after the date of the Loan Agreement of healthcare related equipment, prosthetics, pharmaceuticals or other goods, and including, without limitation, all of Borrower's rights of payment or reimbursement with respect to such healthcare services or goods from any insurer, federal or state government agency or third party; whether billed on a fee for service, monthly per patient capitation charge or any other basis, whether or not the accounts, healthcare insurance receivables, payment intangibles, or rights of payment or reimbursement have been invoiced or billed, written off, partially paid, currently assigned to collection agencies or other third party service vendors. The financing statement to which this Exhibit A is attached and forms a part also covers, among other things, all of Borrower's Related Property, which includes the following: with respect to each Healthcare Receivable (for this purpose, an Account), (i) all records of any nature evidencing or relating to the Account, including contracts, invoices, charges slips, credit memoranda, notes and other instruments and other documents, books, records and other information (including,

## UCC FINANCING STATEMENT AMENDMENT ADDENDUM
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**11. INITIAL FINANCING STATEMENT FILE #** (same as item 1a on Amendment form)
20060245926H

**12. NAME OF PARTY AUTHORIZING THIS AMENDMENT** (same as item 9 on Amendment form)

12a. ORGANIZATION'S NAME
Northern Healthcare Capital, LLC

OR | 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME, SUFFIX

**13. Use this space for additional information**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

without limitation, computer data) (ii) all security interests or liens and property subject thereto from time to time purporting to secure payment of such Account, whether pursuant to the contract related to such Account or otherwise, including all rights of stoppage in transit, replevin, reclamation, supporting obligations and letter of credit rights (as such terms are defined in the Uniform Commercial Code), and all claims of lienfiled or held by Borrower on personal property; (iii) all rights to any goods whose sale gave rise to such Account, including returned or repossessed goods; (iv) all instruments, documents, chattel paper and general intangibles (each as defined in the Uniform Commercial Code) arising from, related to or evidencing such account; (v) all UCC financing statements covering an collateral securing payment of such Account; (vi) all guaranties and other agreements or arrangements of whatever character from time to time supporting or securing payment of such Account whether pursuant to the contract related to such Account or otherwise; and (vii) all proceeds and amounts received or receivable arising from any of the foregoing.

**From:** Jeffrey A. Morse
**Sent:** Friday, October 23, 2009 11:20 AM
**To:** Israel Bernstein
**Cc:** 'J Richard Barry'; jschmidt            'Ed Anderson'
**Subject:** RE: Brandywine Default Letter and Acknowledgment

Israel,

Sorry, I was out of the office and without my computer for yesterday. We received your Letter from Mr. Kincaid and feel that it is not possible to continue working with a substantially depleted borrowing base as indicated in his memo. To that end we have turned off the lock box. We have turned this matter over to our Attorney Mr. J Richard Barry ( who Mr Kincaid is familiar with) . We will pay the balance due on the loan as soon as we resolve our differences with the IRS. Since you chose to reduce the payments to us by approximately $97,500 per month which placed us in an arrears position.

Mr. Kincaid's new proposal would be significantly worse which is unacceptable.

Thanks You

Jeffrey A. Morse

---

**From:** Israel Bernstein
**Sent:** Thursday, October 22, 2009 12:41 PM
**To:** 'Jeffrey A. Morse'
**Cc:** 'Tim Kincaid'
**Subject:** FW: Brandywine Default Letter and Acknowledgment

Jeffrey,

Do you anticipate a funding request this week? The funding reports are late and we need them no later than this afternoon and subsequent to a signed Default Funding Acknowledgement sent to our attorney.

Thank You

Israel Bernstein



EXHIBIT 4

| Form 668 (Y)(c) (Rev. February 2004) | 3592 Department of the Treasury - Internal Revenue Service **Notice of Federal Tax Lien** | File Number: 20090188627E Date Filed: 09/11/2009 08:00 AM C. Delbert Hosemann, Jr. Secretary of State |
|---|---|---|
| Area: SMALL BUSINESS/SELF EMPLOYED AREA #5 Lien Unit Phone: (800) 913-6050 | Serial Number 579470009 | For Optional Use by Recording Office |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer: BRANDYWINE HEALTH SERVICES OF MS INC
a Corporation

Residence: 311 W CHERRY ST
ACKERMAN, MS 39735-8708

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 941 | 09/30/2008 | | 04/13/2009 | 05/13/2019 | 30737.60 |
| 941 | 12/31/2008 | | 03/23/2009 | 04/22/2019 | 37759.47 |
| 941 | 03/31/2009 | | 07/06/2009 | 08/05/2019 | 32112.41 |

102196599

EXHIBIT 5

Place of Filing: MISSISSIPPI SECRETARY OF STATE
PO BOX 136
Jackson, MS 39201

Total $ 100609.48

This notice was prepared and signed at NASHVILLE, TN , on this, the 04th day of September, 2009.

Signature: K. A. Mitchell for CURTIS BETTS

Title: REVENUE OFFICER (601) 292-4853    25-11-3703

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office    Form 668(Y)(c) (Rev. 2-2004)